Lawrence A. Organ (SBN 175503)
Julianne K. Stanford (SBN 290001)
Emily G. Kohlheim (SBN 342737)
**CALIFORNIA CIVIL RIGHTS LAW GROUP**
332 San Anselmo Avenue
San Anselmo, CA 94960
Telephone: (415) 453-4740
Facsimile: (415) 785-7352
Email: larry@civilrightsca.com
        julianne@civilrightsca.com
        emily@civilrightsca.com

Attorneys for Plaintiff
ALI KADOURA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI KADOURA,<br><br>    Plaintiff,<br><br>  v.<br><br>KEYWORDS STUDIOS US INC.; and DOES 1 through 10, inclusive,<br><br><br>    Defendants. | Case No.:  4:22-cv-03121<br><br>COMPLAINT FOR DAMAGES<br><br>(1) Discrimination Based on Conviction History (Fair Chance Act)<br>(2) Failure to Conduct an Individualized Assessment and Consider Evidence of Rehabilitation and Mitigating Circumstances (Fair Chance Act)<br><br>JURY TRIAL DEMANDED |

Plaintiff Ali Kadoura complains and alleges as follows:

<u>INTRODUCTION</u>

1.      Defendant Keywords Studios US Inc. gave Plaintiff Ali Kadoura a conditional job offer for its VR Playtester position. The position essentially involves playing videogames and reporting bugs and other issues discovered during play.

2.      Then, Defendant received Plaintiff's background check, which showed a nonviolent prescription drug conviction from early 2016 for falsifying prescriptions and unlawfully obtaining small quantities of a controlled substance. Plaintiff was sentenced to probation, which he completed without violation in early 2018. Despite the lack of a direct and adverse relationship between Plaintiff's conviction history and the VR Playtester job duties, Defendant issued Plaintiff a pre-adverse action notice.

3.      Plaintiff submitted a letter to Defendant explaining that he became addicted to prescription painkillers when he was prescribed them after a surgery when he was only 16 years old. By the time he was summoned to face criminal charges, he was already enrolled in a drug treatment program – a factor the sentencing judge took into consideration in sentencing him to probation, contingent upon his completion of the program.

4.      Plaintiff did in fact complete the drug treatment program, and by the time he was offered the job at Defendant, his conviction was nearly 6 years old, he had been off probation for nearly 4 years, and he had been sober since before his arrest. Plaintiff had also completed his bachelor's degree and enrolled in additional computer programming and game design classes.

5.      Perhaps most essential in terms of potential employer concerns regarding his conviction, Plaintiff explained that his unfortunate struggle with addiction as a teenager and young adult, rather than fraudulent or monetary motives, led him to forge the prescriptions for small amounts of pills solely for his personal use.

6.      Unfortunately, Defendant failed to fulfill its duty to consider the evidence Plaintiff submitted regarding his rehabilitation and the mitigating circumstances surrounding his conviction. Instead, Defendant revoked Plaintiff's job offer.

\\

PARTIES

7.     Keywords Studios US Inc. ("Defendant") is a Delaware corporation headquartered in Bothell, Washington. Defendant is a technology company that provides services nationally and internationally, including within California and San Mateo County. At all relevant times herein, Defendant was hiring for the VR Playtester position in Burlingame, California in San Mateo County in the Northern District of California. Defendant regularly employed five or more individuals. Background checks for Defendant's VR Playtester position do not fall under any exceptions to the Fair Chance Act. Thus, Defendant is an employer subject to California's Fair Chance Act.

8.     Ali Kadoura ("Plaintiff") is, and at all relevant times herein was, an adult, resident of California. Plaintiff has a nonviolent prescription drug conviction from early 2016 for which he was sentenced to probation. Defendant revoked its job offer to Plaintiff for the VR Playtester position because of his conviction.

9.     In addition to the Defendant named above, Plaintiff sues fictitiously named Defendants Does 1 through 10, inclusive, pursuant to Code of Civil Procedure section 474, because their names, capacities, status, or facts showing them to be liable to Plaintiff are not presently known. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and such Defendants caused Plaintiff's damages as herein alleged. Plaintiff will amend this complaint to show these Defendants' true names and capacities, together with appropriate charging language, when such information has been ascertained.

10.    Each Defendant is sued individually and as the agent or employee of every other Defendant acting within the course and scope of said agency or employment, with the knowledge or consent of the other co-Defendants.

JURISDICTION AND VENUE

11.    At all relevant times herein, Defendant was hiring for the VR Playtester position in Burlingame, California in San Mateo County in the Northern District of California.

12.    Plaintiff Ali Kadoura is an adult resident of California.

2

13.     Because there is complete diversity between the parties in this action, this Court has jurisdiction pursuant to 28 U.S.C. section 1332. The amount in controversy exceeds the jurisdictional minimum of this Court.

14.     Venue is proper pursuant to Government Code section 12965(a). All unlawful practices alleged in this complaint occurred in San Mateo County in the Northern District of California.

ADMINISTRATIVE EXHAUSTION

15.     On March 3, 2022, Plaintiff timely filed a charge against Defendant with the California Department of Fair Employment and Housing ("DFEH") alleging unlawful discrimination based on his conviction history, a failure to conduct an individualized assessment and a failure to consider evidence of rehabilitation and mitigating circumstances in violation of the Fair Chance Act. The DFEH issued a right-to-sue letter regarding Plaintiff's charge that day.

FACTUAL ALLEGATIONS

16.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

17.     At age sixteen, Plaintiff became addicted to painkillers when he was prescribed opioids after a surgery. This dependency on painkillers as a teenager led to his only negative interaction with the law. On February 5, 2016, he was convicted of falsifying prescriptions and unlawfully obtaining small quantities of a controlled substance. Plaintiff's motive was not to defraud drug companies or the pharmacy, nor to make money selling the drugs. Rather, Plaintiff was a young person struggling with addiction at the time, who engaged in these acts to obtain small quantities prescription drugs for his personal use.

18.     By the time Plaintiff was summoned to face criminal charges, he was already enrolled in a drug treatment program. Recognizing that Plaintiff was simply a person struggling with addiction who was committed to recovery, the sentencing judge imposed probation contingent upon Plaintiff's completion of the program, a sentence Plaintiff completed without any violations on February 2, 2018. The judge gave Plaintiff a personal accolade on his progress upon completion of his sentence.

3

19.     Plaintiff has now been sober for more than six years. He has since earned a degree in Psychology from Lesley University and completed two years of coursework at UC Berkeley in Computer Programming and Game Design.

20.     Plaintiff applied for Defendant's VR Playtester position on August 26, 2021. According to Defendant's job description for the position, VR Playtesters play video games to identify and report "issues discovered in gameplay and features" and to provide "qualitative and quantitative feedback from the player perspective."

21.     Defendant gave Plaintiff a conditional job offer on August 31 pending a background check. The results revealed his conviction history, and Defendant sent him a pre-adverse action notice on September 23.

22.     On or about September 27, Plaintiff called Defendant's HR Business Partner Colin Henderson, who is based in Washington state, to inquire about the notice. During their call, Mr. Henderson said, "We saw a felony, and that's why we did this," or words to that effect, implying that Defendant has a blanket policy of rejecting applicants with convictions.

23.     Plaintiff submitted a rebuttal letter on September 29 explaining his addiction, conviction history, and sobriety, which he began working on voluntarily at a treatment center before he was even summoned to face criminal charges. He expressed his excitement for the VR Playtester position, noting that playtesting has been his dream job since childhood. He also expressed his disappointment that his conviction for nonviolent prescription drug offenses from over a half-decade ago was an issue despite his sobriety and lack of subsequent run-ins with the law.

24.     Defendant ignored Plaintiff's extensive track record of rehabilitation and instead focused solely on the fact that he has a conviction history that is unrelated to the job in question. Without contextualizing the conviction with the VR Playtester position, Defendant revoked the employment offer on October 2.

25.     Plaintiff scheduled a phone call with Mr. Henderson to inquire about Defendant's reasoning. Plaintiff and Mr. Henderson spoke on or about October 4. Plaintiff asked why Defendant concluded that his conviction history had a direct and adverse relationship

to the VR Playtester job duties. Mr. Henderson responded, "Correct me if I'm wrong, but I don't believe I have to tell you the reason," or words to that effect. Mr. Henderson continued – saying something like, "I have been reading up on California laws the past few days, and if I could, I wouldn't hire anyone from California because the laws are too stringent," showing his disapproval of California's prohibition of discrimination based on conviction history.

26.     The loss of a promising job and the resurrection of his past struggle with addiction, which regretfully led to a conviction, have been difficult for Plaintiff. He struggles with symptoms of depression such as anxiety, trouble sleeping, chronic worrying, social isolation, and anhedonia. Plaintiff is fearful that despite his sobriety and educational advancements, other employers will likewise shun him because of his past, even if there is not a job-related reason to reject his application.

27.     As a result of the discrimination, Plaintiff's job offer was revoked, causing him to lose out on the wages and benefits he would have earned. Plaintiff also suffered and continues to suffer emotional distress because of the discrimination to which Defendant subjected him.

<u>FIRST CAUSE OF ACTION</u>
DISCRIMINATION BASED ON CONVICTION HISTORY
Gov. Code § 12952

28.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

29.     Under Government Code section 12952, it is unlawful for covered employers to discriminate against job applicants based on conviction history.

30.     Defendant is a covered employer under Government Code section 12952 subdivisions (a) and (d) because it has five or more employees and the position at issue, VR Playtester, is not "a position for which a state or local agency is otherwise required by law to conduct a conviction history background check," "a position with a criminal justice agency," "a position as a farm labor contractor," or "a position where an employer or agent thereof is required by any state, federal, or local law to conduct criminal background checks for employment purposes or restrict employment based on criminal history."

31.    Plaintiff is an applicant with a conviction history to whom Defendant extended a conditional offer of employment.

32.    Plaintiff's conviction for non-violent prescription drug offenses from early 2016 has no direct and adverse relationship to the VR Playtester job duties, which essentially involve playing videogames and reporting issues discovered during gameplay. The lack of a direct and adverse relationship is especially apparent considering Plaintiff's extensive track record of rehabilitation, evidenced by his sobriety, lack of subsequent run-ins with the law, and his completion of his degree and pursuit of additional education in computer programming and game design.

33.    Thus, Defendant discriminated against Plaintiff based on Plaintiff's conviction history by revoking his conditional job offer simply because he has a conviction history.

34.    Plaintiff was harmed and the discriminatory conduct was a substantial factor in causing him harm. He suffers mentally, emotionally, and economically from having his job offer wrongfully revoked.

35.    The above discriminatory conduct violates the Fair Chance Act and the public policy of the state of California. Plaintiff is therefore entitled to all categories of damages, including, but not limited to, economic and non-economic damages.

36.    As a result of the above discriminatory conduct, Plaintiff has retained attorneys to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

37.    Defendant and its managing agents engaged in the above discriminatory conduct maliciously, fraudulently, and oppressively, or in conscious disregard of the rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages.

<u>SECOND CAUSE OF ACTION</u>
FAILURE TO CONDUCT AN INDIVIDUALIZED ASSESSMENT AND CONSIDER
EVIDENCE OF REHABILITATION AND MITIGATING CIRCUMSTANCES
Gov. Code § 12952(c)(1)(A); (c)(2)(C)

38.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

39.     Government Code section 12952(c)(1)(A) requires employers to conduct "an individualized assessment of whether the applicant's conviction history has a direct and adverse relationship with the specific duties of the job that justify denying the applicant the position." The individualized assessment must include consideration of "the nature and gravity of the offense or conduct," "the time that has passed since the offense or conduct and completion of the sentence," and "the nature of the job held or sought."

40.     Defendant did not conduct an individualized assessment of Plaintiff's conviction history as evidenced by Mr. Henderson's statement that Defendant issued the pre-adverse action notice because "we saw a felony." Indeed, an individualized assessment would have revealed no justification pursuant to the statutory factors for revoking Plaintiff's employment offer. There is not a direct and adverse relationship between Plaintiff's over half-decade old, non-violent prescription drug conviction history and the VR Playtester job duties.

41.     None of the "key responsibilities" of the VR Playtester job position – i.e. "[e]xecute test cases as directed by leads," "review work chats and group posts to keep up to date on feature progress and known issues," "investigate and report any issues discovered in gameplay and features," "verification of fixes to reported issues," "qualitative and quantitative feedback from the player perspective on gameplay and features," and "daily reporting of task progress and issues reported" – relate, much less directly relate, to Plaintiff's prescription drug offenses.

42.     Essentially, the VR Playtester position involves playing video games, staying informed about known issues in the games and reporting additional issues about gameplay and features. The position has nothing whatsoever to do with prescriptions or pharmaceuticals. Defendant is a technology company, not a pharmacy or hospital. Nor does Plaintiff's conviction history adversely impact his ability to perform the VR Playtester job duties because the position does not provide access to prescription drugs.

43.     Under Government Code section 12952(c)(2)(C), before issuing an adverse action notice against an applicant, employers must consider "evidence of rehabilitation or mitigating circumstances" the applicant submits in response to the pre-adverse action notice.

Plaintiff submitted a rebuttal letter in response to the pre-adverse action notice that described the circumstances surrounding his conviction and his road to sobriety.

44.     Had Keywords properly considered Plaintiff's rebuttal letter, any concerns regarding his conviction history would have reasonably been allayed. Plaintiff's story, while not uncommon, is sympathetic. He is a victim of one of the greatest American health crises, having developed an addiction when he was prescribed opioids after a surgery as a teenager. This addiction sadly led him to forge prescriptions for small quantities of drugs, not with the intent to defraud or for financial gain, but for his personal use during that dark time in his life several years ago.

45.     Even before he faced criminal charges, Plaintiff was enrolled in a drug treatment program and was on the path to recovery, a mitigating factor the sentencing judge relied on in imposing probation. He took full responsibility for his wrongdoing and was remorseful. He has since demonstrated his integrity through his road to sobriety, by completing a drug treatment program and his sentence of probation without violation.

46.     Plaintiff has also completed his degree and pursued additional courses in Computer Programming and Game Design. Over half a decade has passed since Plaintiff's conviction, during which time he has maintained his sobriety and has been a law-abiding citizen.

47.     The above considerations well established Plaintiff's rehabilitation and cut against Defendant's decision to revoke its employment offer, which suggests Defendant did not consider the evidence of rehabilitation and mitigating circumstances as required.

48.     Plaintiff was harmed and the discriminatory conduct was a substantial factor in causing him harm. He suffers mentally, emotionally, and economically from having his job offer wrongfully revoked.

49.     The above discriminatory conduct violates the Fair Chance Act, as well as the public policy of the state of California. Plaintiff is therefore entitled to all categories of damages, including, but not limited to, economic and non-economic damages.

50.     As a result of the above discriminatory conduct, Plaintiff has retained attorneys

to prosecute this action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing this action.

51.     Defendant and its managing agents engaged in the above discriminatory conduct maliciously, fraudulently, and oppressively, or in conscious disregard of the rights of Plaintiff. Therefore, Plaintiff is entitled to recover punitive damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

a.   General damages according to proof, however, no less than the jurisdictional limit of this court;

b.   Special damages in amounts according to proof;

c.   Exemplary and punitive damages in amounts according to proof;

d.   Reasonable attorneys' fees and costs pursuant to Government Code section 12965(b) and any other applicable statute;

e.   Interest as provided by law;

f.   Injunctive relief to require Defendant to develop and implement policies and procedures to ensure that individualize assessments are performed and rehabilitation and mitigation evidence is considered prior to issuing an adverse action notice; and

g.   For such other and further relief as this Court deems equitable and appropriate.


Dated:  May 25, 2022                    **CALIFORNIA CIVIL RIGHTS LAW GROUP**

_Emily Kohlheim_
_____
Emily G. Kohlheim, Esq.
Attorneys for Plaintiff Ali Kadoura

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury.

Dated:   May 25, 2022                    **CALIFORNIA CIVIL RIGHTS LAW GROUP**

_Emily Kohlheim_

Emily G. Kohlheim, Esq.
Attorneys for Plaintiff Ali Kadoura

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL